## DEXTER RICHARDSON *vs.* PAUL D. WALLIS.

The holder of a second mortgage of real estate, which is subject to the mortgagor's right of homestead in a part of the premises, may, in a bill to redeem, compel the holder of the first mortgage, which is not subject to the right of homestead, after he has taken and maintained actual and exclusive possession for the purpose of foreclosure, for breach of condition, to account to him for all the rents and profits which by due diligence he might have received, including rent for the homestead.

BILL IN EQUITY to redeem land from a mortgage.

At the hearing in this court, before *Merrick*, J., it appeared by the report of a master to whom the matter had been referred

that in 1844 Albert Fairbanks executed a mortgage of the premises to C. C. P. Hastings, which was assigned to Anna W. Hastings, by whom possession was taken for the purpose of foreclosure for breach of condition on the 23d of December 1857, and the mortgage and all her rights under the same were assigned to the defendant on the 18th of June 1858. On the 7th of March 1856 Fairbanks executed a second mortgage upon the premises to Anna Richardson, which contained no release of homestead rights ; and this mortgage was assigned to the plaintiff. Upon the premises there were three houses and other buildings ; and the mortgagor resided with his family in one of the houses until his death in December 1857, and occupied about two acres of land, and since then his widow has continued in the occupation thereof. In 1860 a portion of the dwelling-house was duly set out to her as a homestead, and the defendant, who was her brother-in-law, received rent from her to the amount of only $75 a year to the time when her homestead was set out to her, and after that time at the rate of $45 a year. The master found that $125 a year was a proper rent for the premises occupied by Mrs. Fairbanks, and $75 a year was a proper rent for that part thereof not included in the homestead set out to her. The master stated an account, made up in conformity with the different claims of the parties as to the liability of the defendant in accounting for rents and profits, and the judge held that the plaintiff was entitled to redeem upon payment of the sum due to the defendant after holding him accountable for the rent he might properly have received for the use of all the premises, including the homestead, and reserved the questions of law raised for the determination of the whole court.

*P. C. Bacon*, for the plaintiff.

*D. Foster*, ( *T. L. Nelson* with him,) for the defendant.

Merrick, J. The defendant, having taken possession of the mortgaged premises for breach of condition, and to foreclose the right of redemption, and having thereupon exercised exclusive control by leasing the same and taking rent therefor, is bound to account for such rent as, by the exercise of reasonable care and diligence he might have obtained. He was to act in that

case like a prudent proprietor, and secure the income and profits which by proper attention he would have been able fairly to receive for the use, occupation or lease of the estate. *Miller* v. *Lincoln*, 6 Gray, 556. He was to do his duty, regardless of the consequences of it upon the conflicting claims of other parties. It was neither his right nor his duty to conduct himself in the management of the property merely with a view to the promotion of the interest of one of them to the prejudice or disadvantage of the other.

The defendant relies upon the case of *Charles* v. *Dunbar*, 4 Met. 498, to show that as mortgagee in possession he is accountable only for rent actually received. But the cases are wholly unlike. There the mortgagee took only formal possession, leaving the mortgagor in the full and uninterrupted use and occupation of the mortgaged premises. No person, other than the mortgagor, having any interest in or claim upon the estate, took any measures or resorted to any proceedings to obtain possession of it, or to indicate to Dunbar, the defendant, that any attempt would be made to hold him accountable for the rents and profits. And since he was not in actual possession or in the exercise of any control over the estate, but the whole profits of it were taken by the mortgagor, it was held that a second mortgagee ought not to be allowed to compel him to account for rents or profits which he never received, merely on account of the formal possession which he had taken for the purpose of foreclosing the right of redemption. But in this case, as has already been shown, the possession of the defendant was not formal, but actual and exclusive. He is subject, therefore, to the common rule which requires him to account for what by due diligence he might and would have received.

The result is that the plaintiff is entitled to redeem upon payment of the smallest sum which, in any of the several computations stated in the report of the master, is found due to the defendant.